UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01906 SRC |
| ) | |
| STATE, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**Memorandum and Order**

This matter is before the Court upon review of a civil complaint filed by Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). For the reasons explained below, Engel will be given leave to proceed *in forma pauperis*, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

When Engel initiated this action, he did not file a separate motion for leave to proceed *in forma pauperis*. The Court takes judicial notice of the fact that Engel has filed over one hundred civil rights cases in this Court since September 2020. In many of these cases, Engel did not include a separate motion for leave to proceed without prepayment of the filing fee. Rather, within in the complaint, he states "I declare under penalty of perjury that the foregoing is true [and] correct. I am [at] ERDCC. I only get $5.00 dollars [per] month [and] can't get no more account statements[.]" Doc. 1. Liberally construed, Engel can be understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee, and he can also be understood to aver that he cannot provide a certified copy of his inmate account statement.

Accordingly, the Court grants Engel leave to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that Engel is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the complaint.

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32−33 (quoting

*Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing or disparaging litigants rather than vindicating a cognizable right. *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999), *Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action is also malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits, or contains disrespectful or abusive language. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not look only to the complaint before it but may also look to the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950−51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

### The Complaint

The instant complaint is one of numerous civil rights complaints that Engel has recently filed in this Court. Engel, who identifies himself as a sovereign citizen, is a self-represented

3

litigant currently incarcerated at ERDCC in Bonne Terre, Missouri. As acknowledged above, the instant complaint is one of more than 100 civil rights actions Engel has recently filed in this Court pursuant to 42 U.S.C. § 1983. Engel prepared his handwritten complaint on two sheets of notebook paper. Named as defendants are the following: the State of Missouri; the United States of America; two unnamed Missouri Senators; an unnamed Missouri House of Representative; the Assistant Attorney General; the Attorney General; the Missouri Department of Corrections ("MDOC"); ERDCC; and Corizon.

Engel's allegations are stated as follows:

I am suing all these Officials and Individual[s] over my insides feel like on fire, sweats, uncontrol[lla]ble shakes, shit and breath smells like septic tank, blood, in shit, puke, can't hold food down, clear foam liquid in shit, puke, vision in and out, sever[e] pain[.] [T]hey all [] refuse to help[.] Medical does nothing at all, staff does nothing. I am a sourvin [sic] citiz[e]n[.] I have a family I need help I had one phone call 2 weeks and one [illegible] shower. I need medical attention for real this is not good[.]

Doc. 1 at 1.

Engel identifies his injuries as "Freedom, [illegible] life, Health, [illegible] Mental Mind Raping." ECF No. 1 at 1-2. For relief, Engel seeks separate amounts from each defendant spanning from "100 Trillion" to "200,000,000,000 Trillion" dollars. Engel also seeks "10,000,000 stocks" in "oil, coal, lead, zinc, precious metals, gold, silver, diamonds, plat[in]um, titanium, steel, Amorn [sic], UE, Top World Banks, Top World Curren[c]y, Top USA Banks" and various corporate stores, including Home Depot and Wal-Mart. Doc. 1 at 2.

## Discussion

For the reasons discussed below, the Court has determined Engel has not stated a claim against any of the named defendants. As such, this action will be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. Defendants State of Missouri, ERDCC and MDOC

Engel's complaint is legally frivolous against the State of Missouri; ERDCC (a prison within the Department of Corrections); and MDOC (a department of the State of Missouri) because a state and entities of the state cannot be sued under § 1983 and because the State of Missouri is immune from suit.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). A claim against state entities, such as the MDOC and the ERDCC, is the same as asserting a claim against the State of Missouri. Because Engel is missing an essential element under § 1983, his claims against the State of Missouri, the MDOC, and the ERDCC must be dismissed.

Moreover, "[s]overeign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The

Eleventh Amendment bars private parties from suing a state in federal court."); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated to such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its sovereign

6

immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Therefore, as to the State of Missouri, the MDOC, and the ERDCC, the Eleventh Amendment bars suit against them for both monetary and injunctive relief. No exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, Engel's claims against these defendants must be dismissed.

      **B.**      **Defendant Corizon**

Corizon is a private company that contracts with the Missouri Department of Corrections to provide medical treatment to inmates. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against an entity such as Corizon, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent [the corporation's] official policy that inflicts injury actionable under § 1983").

In this case, Corizon is not explicitly mentioned in the body of the complaint. Engel, however, alleges various medical ailments and states he has been refused treatment. It is fair to assume Engel blames Corizon, which is a prison health care provider, for the alleged denial of care. Nevertheless, Engel has presented no factual allegations whatsoever demonstrating Corizon is constitutionally liable. Engel provides no information about how Corizon refused treatment,

7

what kind of treatment was refused, when treatment was refused, or who allegedly denied him. Nothing in the complaint demonstrates Engel was injured because of a policy, custom, or official action on Corizon's part. That is, Engel never connects his vague allegations with any Corizon policy, custom, or action taken by a Corizon official.

For the reasons discussed above, Engel has failed to state a claim against Corizon, and the claims against it must be dismissed.

C.         **Defendants the Attorney General and the Assistant Attorney General**

Engel appears to have sued both the Attorney General and the Assistant Attorney General in their official and individual capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, both the Attorney General and the Assistant Attorney General are employed by the State of Missouri. As such, the official capacity claims against them are actually claims against the State of Missouri itself. However, as discussed above, an individual acting for a state in an official capacity is not a "person" under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71 (stating

8

"neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, as Engel is suing for money damages only, his claims are also barred by the doctrine of sovereign immunity. *See Monroe*, 495 F.3d at 594 (explaining the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages, but that a state official may be sued in an official capacity for prospective injunctive relief).

As for a suit against the Attorney General and Assistant Attorney General in their individual capacities, Engel has not stated a claim against them. Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing the plaintiff's excessive bail claims because none of the defendants set the plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of the plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, Engel has not presented any factual allegations against the Attorney General or the Assistant Attorney General establishing they were personally responsible for any purported denial of his medical care. More specifically, Engel has not presented any factual allegations against the Attorney General or Assistant Attorney General at all. Despite being named as defendants, they are not mentioned in the body of the complaint, and Engel provides no support for the inference that either defendant violated his constitutional rights.

For all the reasons discussed above, Engel has failed to state a claim against either the Attorney General or the Assistant Attorney General, and the claims against them must be dismissed.

### D. Defendants United States, U.S. Senators, and U.S. House of Representative

Engel lists the United States, two unnamed U.S. Senators, and one unnamed U.S. House of Representative as defendants. Engel appears to sue the Senators and Representative in their official and individual capacities. A suit against a governmental officer in his official capacity is a suit against the entity for which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). U.S. Senators and U.S. Representatives are agents of the United States. *See Burke v. Allard*, 2007 WL 2697598, at *3 (D. Colo. 2007) (explaining that "defendant, a member of the United States Senate, is an agent of the United States"). As such, Engel's official capacity claims against these individuals are actually claims against the United States itself.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020); *see also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969); *see also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating "in the context of federal sovereign immunity . . . it is well established that waivers are not implied").

Here, Engel has not demonstrated a waiver of the sovereign immunity of the United States. He brings this action pursuant to 42 U.S.C. § 1983. However, § 1983 does not waive the United

States' sovereign immunity. *See Walker v. Harmon*, 2016 WL 5376185, at *3 (D. S.D. 2016) (citing *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). Aside from § 1983, Engel provides no other basis for such a waiver. He has not, for example, alleged a violation of the Federal Tort Claims Act. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). Therefore, Engel's claim against the United States, two unidentified U.S. Senators, and one unidentified U.S. Representative must be dismissed.

As for a suit against the Senators and Representative in their individual capacities, Engel has not stated a claim against them. As noted above, liability in a § 1983 case is personal, and an individual is liable only for his or her own misconduct. *See Frederick*, 873 F.3d at 646; *Krigbaum*, 808 F.3d at 340. To that end, to demonstrate their liability, Engel must establish "a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132. Here, Engel has not done this. Indeed, he has not provided a single factual allegation against the Senators or the Representative, much less an allegation that might show they were responsible for his health care in prison.

For the reasons discussed above, Engel has failed to state a claim against the United States of America, two unnamed Senators, and an unnamed House of Representative, and the claims against them must be dismissed.

### E.  Deliberate Indifference Claim

Even if this Court were to find that the claims against one of the named defendants passed frivolity review under 28 U.S.C. § 1915(e)(2)(B), Engel's allegations of deliberate indifference would still fail. In order to establish deliberate indifference, a plaintiff must prove he suffered from an objectively serious medical need, and prison officials actually knew of and disregarded

11

that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, Engel alleges he has been denied medical treatment for a list of ailments, including bad breath, sweats, vomiting, and abnormal bowel movements. His allegations, however, are insufficient to demonstrate deliberate indifference to his medical needs. Engel offers no information as to when he experienced the listed symptoms, what kind of treatment he requires, or whether Corizon knew of his complaints. Engel's conclusory allegations simply do not state a claim of deliberate indifference to serious medical needs. *See Iqbal,* 556 U.S. at 678; *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even self-represented plaintiffs are required to allege facts in

support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

Moreover, Engel does not identify any particular person or persons who refused him medical treatment or whether any such interfering individuals worked for Corizon. Thus, he provides no allegations that any individual's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care," which is necessary to demonstrate deliberate indifference. Furthermore, his ambiguous allegations do not satisfy the 42 U.S.C. § 1983 requirement that the plaintiff establish a defendant's "causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). For these reasons, Engel's deliberate indifference to medical needs claim must be dismissed.

### F.     Malicious Litigation

Finally, the Court dismisses this action because it appears to be malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). Since filing this action, Engel has filed over one hundred other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Engel submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and Engel's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). T his action is subject to dismissal for this reason, as well.

Having considered the instant complaint and supplemental document, as well as Engel's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit Engel leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Engel is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *see also Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly, the Court grants [1] Engel's motion to proceed *in forma pauperis*. The Court orders that Engel shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. The Court instructs Engel to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. Lastly, the Court dismisses this

action pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

Dated this 21st day of January, 2021.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE